# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 13-318V

**Filed: April 29, 2014**

* * * * * * * * * * * * * * * * * * * *
ROBERT SEARLES, an Individual, Husband, and Personal Representative of BROOKE SEARLES,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.
* * * * * * * * * * * * * * * * * * * *

UNPUBLISHED

Special Master Dorsey

Joint Stipulation on Damages; Influenza (Flu) vaccine; Guillain-Barré Syndrome (GBS).

Daniel M. Graham, Torrance, CA, for petitioner.
Tara Kilfoyle, United States Department of Justice, Washington, DC, for respondent.

**DECISION[1]**

On May 6, 2013, Brooke Searles filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Ms. Searles alleged that she received an Influenza ("flu") vaccine on October 18, 2011, and that she thereafter suffered from Guillain Barré Syndrome ("GBS") which was caused in fact by the vaccination. *See* Petition at

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1.[3]

On April 28, 2014, the parties filed a stipulation in which they agree that a decision should be entered awarding compensation.

Respondent denies that the flu vaccine caused Ms. Searles' GBS and/or any other injury. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulated that petitioner shall receive the following compensation:

**a. A lump sum of $360,946.40, which amount represents compensation for first year life expenses ($134,674.80), lost earnings ($61,271.60), and pain and suffering ($165,000.00), in the form of a check payable to petitioner as guardian/conservator of the estate of Brooke Searles for the benefit of Brooke Searles. No payments shall be made until petitioner provides respondent with documentation establishing that he has been appointed as the guardian/conservator of Brooke Searles' estate;**

**b. A lump sum of $32,044.46, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioner, Robert Searles;**

**c. A lump sum of $114,460.80, which amount represents reimbursement of a State of California lien, in the form of a check payable jointly to petitioner and**

**Department of Health Services<br>Recovery Branch – MS 4720<br>P.O. Box 997421<br>Sacramento, CA 95899-7421<br>Attn: Mr. Ryan Swift**

**Petitioner agrees to endorse this check to the State of California Department of Health Services;**

**d. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

Stipulation ¶ 8.

The undersigned approves the requested amount for petitioner's compensation.

[3] On July 22, 2013, petitioner's counsel moved to amend the caption to reflect that Robert Searles ("petitioner") had been granted power of attorney over his wife, Brooke Searles. The motion was granted. *See* Order, dated July 25, 2013, at 1.

Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ROBERT SEARLES, an Individual, Husband, and Personal Representative of BROOKE SEARLES,<br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES<br><br>Respondent. | No. 13-318V<br>Special Master Dorsey<br>ECF |

STIPULATION

The parties hereby stipulate to the following matters:

1. Robert Searles ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"), on behalf of his wife, Brooke Searles ("Mrs. Searles"). The petition seeks compensation for injuries allegedly related to Mrs. Searles's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Mrs. Searles received her flu vaccination on or about October 18, 2011.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine caused Mrs. Searles to develop Guillain-Barré Syndrome ("GBS"), and that Mrs. Searles experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action

for damages on behalf of Mrs. Searles as a result of her condition.

6. Respondent denies that the flu vaccine caused Mrs. Searles's GBS, and/or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of $360,946.40, which amount represents compensation for first year life care expenses ($134,674.80), lost earnings ($61,271.60), and pain and suffering ($165,000.00), in the form of a check payable to petitioner as guardian/conservator of the estate of Brooke Searles for the benefit of Brooke Searles. No payments shall be made until petitioner provides respondent with documentation establishing that he has been appointed as the guardian/conservator of Brooke Searles's estate;

b. A lump sum of $32,044.46, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioner, Robert Searles;

c. A lump sum of $114,460.80, which amount represents reimbursement of a State of California lien, in the form of a check payable jointly to petitioner and

Department of Health Services
Recovery Branch – MS 4720
P.O. Box 997421
Sacramento, CA 95899-7421
Attn: Mr. Ryan Swift

Petitioner agrees to endorse this check to the State of California Department of Health Services;

d. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of Brooke Searles, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner, as the court-appointed guardian/conservator of the estate of Brooke Searles for the following items of compensation:

a. For future unreimbursable Medicare Part B Premium, Medigap F, and Medicare Part D expenses, beginning on the first anniversary of the date of judgment, an annual amount of $3,755.61 to be paid for the remainder of Brooke Searles's life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

b. For future unreimbursable Physical Therapy Evaluation and Occupational Therapy Evaluation expenses, beginning on the first anniversary of the date of judgment, an annual amount of $300.00 to be paid for the remainder of Brooke Searles's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

c. For future unreimbursable Physical Therapy, Diaper, Wipe, and Glove expenses, beginning on the first anniversary of the date of judgment, an annual amount of $5,109.11 to be paid up to the anniversary of the date of judgment in year 2016. Thereafter, beginning on the anniversary of the date of judgment in year 2016, annual amount of $2,613.11 to be paid for the remainder of Brooke Searles's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

d. For future unreimbursable Hand Held Shower, Shower Chair, Bedside Commode, Mattress Overlay, Mattress Cover, and Disposable Liner for Bed expenses, beginning on

the first anniversary of the date of judgment, an annual amount of $157.68 to be paid for the remainder of Brooke Searles's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

e. For future unreimbursable Vitamin C, Multi-Vitamin, Colace, and Tylenol expenses, beginning on the first anniversary of the date of judgment, an annual amount of $255.95 to be paid for the remainder of Brooke Searles's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

f. For future unreimbursable Walker, Manual Wheelchair, Scooter Lift, and Wheelchair Cushion expenses, beginning on the first anniversary of the date of judgment, an annual amount of $305.62 to be paid for the remainder of Brooke Searles's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

g. For future unreimbursable Personal Care Attendant expenses, beginning on the first anniversary of the date of judgment, an annual amount of $94,807.50 to be paid for the remainder of Brooke Searles's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to the petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to the petitioner and do not require that the payment be made in one annual installment. The petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as Brooke Searles is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of Brooke Searles's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the

payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of Brooke Searles as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42

U.S.C. § 300aa-15(g) and (h).

16. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of Brooke Searles's estate under the laws of the State of California. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as guardian/conservator of Brooke Searles's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of Brooke Searles at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of Brooke Searles upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity and as legal representative of Brooke Searles, on behalf of himself, Brooke Searles, and her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Brooke Searles resulting from, or alleged to have resulted from, the flu vaccination administered on or about October 18, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about May 6, 2013, in the

United States Court of Federal Claims as petition No. 13-318V.

18. If Brooke Searles should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that Mrs. Searles's flu vaccine caused her GBS, or any other injury, or her current disabilities.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of Brooke Searles.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

ROBERT SEARLES

**ATTORNEY OF RECORD FOR PETITIONER:**

DANIEL M. GRAHAM, ESQ.
DANIEL M. GRAHAM,
A Professional Corporation
23720 Arlington Ave., Suite No. 8
Torrance, CA 90501-6124
(310) 539-1762

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Acting Director, Division of
Vaccine Injury Compensation (DVIC)
Acting Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

TARA J. KILFOYLE
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 514-9729

Dated: 4/28/14